```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

MARY E. D'ORAZIO,                         :
                                          :
        Plaintiff,                        :    CIVIL ACTION
                                          :
    v.                                    :
                                          :    NO. 11-cv-7443
HARTFORD UNDERWRITERS INSURANCE           :
COMPANY,                                  :
                                          :
        Defendant.                        :

### MEMORANDUM AND ORDER

**Joyner, C.J.**                                     **June 18, 2012**

Before the Court are Defendant's Motion to Dismiss (ECF No. 7, 8), Plaintiff's Response in Opposition (ECF No. 11), and Defendant's Reply thereto (ECF No. 12). For the reasons set forth in this Memorandum of Law, Defendant's Motion is GRANTED.

### I. Background

Mary E. D'Orazio ("Plaintiff"), a resident of Delaware, was injured in an automobile accident on November 17, 2007 while traveling in Philadelphia, Pennsylvania. At the time, Plaintiff maintained an automobile insurance policy (the "Policy") with the Hartford Underwriters Insurance Company ("Defendant"), incorporated and with its principal place of business in Connecticut. The policy provided for first party injury coverage, including medical expenses and lost wages.

Plaintiff sued Defendant for breach of contract and bad faith for failing to pay certain claims for medical expenses and

1

lost wages.  The action was originally filed in Pennsylvania state court and removed before this Court on December 2, 2011.  The Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332.

Plaintiff previously filed an action against Defendant in Pennsylvania court on December 10, 2008.  Like the present action, Plaintiff sued Defendant for breach of contract and bad faith for denying claims for medical expenses and lost wages resulting from the November 17, 2007 accident.  The case was removed to federal district court on January 28, 2009 and the court granted Defendant's Motion for Summary Judgment on May 6, 2011.  See D'Orazio v. Hartford Ins. Co., Civ. No. 09-cv-403, 2011 WL 1756004 (E.D. Pa. May 6, 2011) ("D'Orazio I").  The court held that as a matter of law, Defendant was entitled to judgment in its favor on all claims.  Presently before the Court is Defendant's Motion to Dismiss, in which Defendant argues both claim preclusion and issue preclusion prohibit the litigation of the instant action.

## II.  Legal Standard

Upon consideration of a motion to dismiss under Rule 12(b)(6), the Court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Krantz v. Prudential Invs. Fund Mgmt., 305 F.3d 140, 142 (3d Cir. 2002).  In so doing, the courts must consider

whether the complaint has alleged enough facts to state a claim to relief that is plausible on its face. Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007).

Res judicata,[1] an affirmative defense, may be raised in a motion to dismiss. See, e.g., Jones v. Lapina, 450 F. App'x 105, 108 (3d Cir. 2011) (citing Connelly Found. v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972)). "In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record, and a court may take judicial notice of a prior judicial opinion." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (citing Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004)). A court may only take notice of the existence of a prior opinion and may not use it to establish the truth of the facts asserted therein. Lum, 361 F.3d at 221 n.3.

## III. Analysis

Defendant asserts that the doctrine of res judicata prohibits litigation of the present action. Defendant contends both of Plaintiff's claims were already litigated and the same issues were already ruled upon in D'Orazio I. Defendant argues that Pennsylvania's res judicata law should be used to decide its Motion to Dismiss and Plaintiff appears to agree. Although

---

[1] The Court invokes the term "res judicata" when referring to both claim and issue preclusion. See United States v. 5 Unlabeled Boxes, 572 F.3d 169, 174 (3d Cir. 2009).

Defendant is correct that in a federal diversity action "the law of the state where the prior judgment was entered governs the applicability of the doctrine of res judicata," (Def.'s Mem. 8), this has no bearing on the present case.  The fact that Pennsylvania was the forum state for the prior federal action is irrelevant.  "[F]ederal courts should apply the general rule that the preclusive effect of a judgment is determined by the preclusion law of the issuing court."  <u>Paramount Aviation Corp. v. Agusta</u>, 178 F.3d 132, 135 (3d Cir. 1999).  The prior judgment was issued by a federal court; thus the Court applies federal res judicata law.  <u>See</u> <u>id.</u> at 145; <u>see also</u> <u>Burlington N. R.R. Co. v. Hyundai Merch. Marine Co.</u>, 63 F.3d 1227, 1231 (3d Cir. 1995).  Still, the federal and Pennsylvania res judicata doctrines bear such substantial similarity that the parties' arguments pursuant to Pennsylvania law accord with federal law.

The claim preclusion doctrine "draw[s] a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand."  <u>Purter v. Heckler</u>, 771 F.2d 682, 689-90 (3d Cir. 1985).  "When one has been given the opportunity to fully present his case in a court and the contested issue is decided against him, 'he may not later renew the litigation in another court.'"  <u>Id.</u> at 690 (quoting <u>Heiser v. Woodruff</u>, 327 U.S. 726, 733 (1946)).  The present action consists of vexatious, repetitious and needless claims that cannot be

4

relitigated.

Claim preclusion consists of three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." In re Montgomery Ward, 634 F.3d 732, 736-37 (3d Cir. 2011) (quoting E.E.O.C. v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990)). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." Shih-Liang Chen v. Township of Fairfield 354 F. App'x 656, 658 (3d Cir. 2009) (quoting CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999)).

The prior suit, D'Orazio I, ended with a final judgment on the merits. The prior judgment was entered upon a motion for summary judgment. The judgment was affirmed on appeal. See D'Orazio v. Hartford, 459 F. App'x 203 (3d Cir. 2012). Although there are ample legal authorities that conclude summary judgment is a final judgment on the merits, see, e.g., Hubicki v. ACF Inds., Inc., 484 F.2d 519, 524 (3d Cir. 1973); Restatement (Second) of Judgments § 19 & cmt. g; see also Hillgartner v. Port Auth. of Allegheny Cnty., 936 A.2d 131, 141 (Pa. Cmwlth. 2007), the Court is unaware of any authority holding to the contrary. Despite Plaintiff's argument that summary judgment is not a final judgment on the merits, she cites absolutely no legal authority to support this proposition. Plaintiff appears to be under the

5

misapprehension that only a jury trial verdict is a judgment on the merits.  Again Plaintiff provides no legal basis for this unusual assertion.  The record unquestionably indicates there was a final judgment on the merits in D'Orazio I.

Next, the Court considers three factors to determine whether two claims are identical: "(1) whether the acts complained of and the demand for recovery are the same; (2) whether the same witnesses and documents will be necessary in the trial in both cases; and (3) whether the material facts alleged are the same." Jones, 450 F. App'x at 108 (citing United States v. Athlone Inds., Inc., 746 F.2d 977, 984 (3d Cir. 1984)).  "In deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'"  Chen, 354 F. App'x at 658 (quoting CoreStates Bank, 176 F.3d at 194).

The present action involves claims identical to those adjudicated in the prior action.  In fact, the Amended Complaint is copied nearly verbatim from the complaint in D'Orazio I.  The only substantive difference is that the Amended Complaint indicates that after the decision in D'Orazio I was issued on May 5, 2011, Plaintiff sent Defendant "medical and vocational reports and wage loss information" and resubmitted insurance claims for payment on September 26, 2011.  (See Am. Compl. ¶ 21, ECF No. 6.)

Plaintiff filed the present suit thirty-eight days later, on November 3, 2011.  The medical expenses and lost wages in the present case are the same expenses and wages litigated in D'Orazio I, arising from the November 17, 2007 automobile accident.  In other words, nothing has changed but the date.[2]

    The Court already ruled on the merits of Plaintiff's claims for relief arising from the 2007 accident.  The facts complained of and the demand for recovery are the same.  In this case and D'Orazio I, Plaintiff alleges breach of contract and bad faith for Defendant's failure to pay medical expenses and lost wages and seeks compensatory damages.  Were the present case litigated, more or less the same witnesses and documents would be before the Court.  Plaintiff would once again set out to prove Defendant, acting in bad faith, breached the Policy by not paying medical expenses and lost wages.  The material facts alleged in the Amended Complaint are nearly identical.  The only difference, insignificantly, is that in the present case, Defendant was given more time to not pay Plaintiff's insurance claims.  The Court finds that despite the trivial changes in the pleadings, the

---

[2] Plaintiff apparently attempted to cure the defects that doomed her case in D'Orazio I by simply resubmitting the same insurance claims to Defendant. (See Pl.'s Opp'n Mem. 3-4.)  Then when Defendant failed to compensate Plaintiff for these claims, Plaintiff sued.  Were the Court to agree with Plaintiff and thereby disregard the prejudicial effect of prior judgments, Plaintiff would be permitted to retry her case over and over again.  Plaintiff would simply resubmit the same denied insurance claims to Defendant.  Then, when Defendant inevitably fails to reimburse Plaintiff for the familiar claims, Plaintiff would proceed with a new lawsuit.  This cycle could ostensibly repeat itself indefinitely.

claims are the same as those in the prior action.  Cf. Sheridan v. NGK Metals Corp., 609 F.3d 239, 261 (3d Cir. 2010); Chen, 354 Fed.Appx. at 659.

Finally, the present action and D'Orazio I involve the identical parties.  This case once again features the same plaintiff suing the same defendant.  Plaintiff's claims are precluded and the case must be dismissed.

Defendant alternatively argues that issue preclusion, or "collateral estoppel," prevents Plaintiff from litigating the present case.  Because the Court holds that the case must be dismissed under the claim preclusion doctrine, it need not address issue preclusion.[3]

## IV.  Conclusion

For the reasons so stated, the Court grants Defendant's Motion to Dismiss.

---

[3] Defendant would most likely succeed under issue preclusion as well, given the nearly identical issues in this case and D'Orazio I.